United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-20193
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PRISCILIANO BAEZ-LEON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-311-1
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Prisciliano Baez-Leon (Baez) was convicted of illegal reentry after deportation, and he was sentenced to 30 months' imprisonment, three years' supervised release, and a $100 special assessment that was ordered remitted on motion of the Government. Baez contends that the district court erred by characterizing his state felony conviction for simple possession of marijuana as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2. However, this issue is foreclosed by our precedent. See United States v.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 538 U.S. 1021 (2003); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Baez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Baez concedes, this issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Baez also contends that, based on this court's recent decision in United States v. Ferguson, 369 F.3d 847 (5th Cir. 2004), the district court plainly erred in prohibiting him from using tobacco products as a special condition of his supervised release. Because Baez's use of tobacco is not reasonably related to his violation of illegal reentry after deportation and because there is no indication that the condition was necessary for deterrence, public safety, or medical care, we agree that the district court plainly erred in prohibiting Baez's tobacco use during his supervised release. See Ferguson, 369 F.3d at 853-54. Accordingly, we VACATE the sentence in part and REMAND for the district court to modify the special conditions of Baez's supervised release in a manner consistent with this opinion.

AFFIRMED IN PART. VACATED AND REMANDED IN PART.