United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 04-20574
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY JEROME SALINAS,

Defendant-Appellant.

Appeals from the United States District Court
For the Southern District of Texas
USDC No. 4:04-CR-8-1

Before DAVIS, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jeffery Jerome Salinas appeals his sentence for two counts of bank robbery on the grounds

that (1) the district court erred by treating Salinas' two prior convictions as "unrelated offenses"

under U.S.S.G. §§ 4A1.1 and 4B1.1; (2) his trial counsel provided ineffective assistance of counsel;

(3) the district court erred by increasing his sentence on the basis of prior convictions neither charged

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the indictment nor found by a jury beyond a reasonable doubt; (4) his sentence) ) imposed under the mandatory Guidelines scheme) ) is unconstitutional in light of *United States v. Booker*, 125 S. Ct. 738 (2005); and (5) the district court erred by imposing the special condition of supervised release prohibiting Salinas from using "any addictive substances including tobacco."

Salinas pleaded guilty to two counts of "by force and violence, or by intimidation" taking money from banks, in violation of 18 U.S.C. § 2113(a). The district court sentenced Salinas to 120 months imprisonment and three years of supervised release. A condition of the supervised release prohibited Salinas from using "any addictive substances including tobacco." Salinas' trial counsel made no objections.

Salinas contends that his two prior robbery convictions were related under Texas law and, thus, could not be used to increase his sentence pursuant to U.S.S.G. § 4B1.1. The district court increased Salinas' offense level by three for being a career offender. Salinas did not object. Thus, we review for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *petition for cert. filed* (U.S. Mar. 31, 2005) (No. 04-9517). Under the plain error standard, this court may correct a defendant's sentence only if there is an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

Even if there were an error, Salinas' claim fails because he cannot show that his substantial rights were affected. U.S.S.G. § 4B1.1(a) provides

A defendant is a career offender if (1) the defendant was at least eighteen years old

at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In addition to the two robberies counted separately, Salinas also pleaded guilty to felony possession of a controlled substance at the age of nineteen. Thus, it is irrelevant whether his robberies are related. Salinas' substantial rights were not affected because the alleged error had no impact on his sentence. *Mares*, 402 F.3d at 520. Accordingly, Salinas cannot show plain error.

Salinas contends that his counsel provided ineffective assistance of counsel by failing to object to the district court's treatment of his prior robbery offenses as unrelated for sentencing purposes. Salinas concedes that this argument normally would not be heard on appeal because the record is not sufficiently developed. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). However, he argues that his case is an exception because there is no plausible strategic reason for failing to object to the district court's determination that the prior robberies were unrelated. "We grant an exception to this rule 'only in rare cases where the record allow[s] us to fairly evaluate the merits of the claim.'" *United States v. Delagarza-Villarreal*, 141 F.3d 133, 141 (5th Cir. 1997) (quoting *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992)). To establish ineffective assistance of counsel, Salinas must show that (1) defense counsel's performance was deficient and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As discussed *supra*, Salinas was not prejudiced by counsel's failure to object to the relatedness of the robberies did not prejudice Salinas. Thus, even with a limited record on the issue, we are able to determine that Salinas' ineffective assistance of counsel claim fails.

Salinas contends that the district court committed reversible error by increasing his sentence

on the basis of prior convictions that were not charged in the indictment and were neither admitted by Salinas nor found by a jury beyond a reasonable doubt. As Salinas concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

Salinas further argues that we should vacate his sentence and remand for resentencing because he was sentenced under the mandatory Guidelines scheme held unconstitutional by *Booker*, 125 S. Ct. 738. Since Salinas did not raise this objection until his reply brief, we review for plain error. *Mares*, 402 F.3d at 520. As noted *supra*, under plain error, this court may only correct a defendant's sentence if there is: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Cotton*, 535 U.S. at 631; *see also* FED. R. CRIM. P. 52(b). To show reversible plain error under *Booker*, Salinas must "demonstrate[] that the sentencing judge)) sentencing under an advisory scheme rather than a mandatory one)) would have reached a significantly different result." *Mares*, 402 F.3d at 521. "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id*. To meet this standard, the proponent of the error must demonstrate a probability "sufficient to undermine confidence in the outcome." *United States v. Dominguez Benitez*, 124 S.Ct. 2333, 2340 (2004).

Salinas easily demonstrates the first two prongs of plain error. The district court sentenced Salinas under a mandatory system which is "plain" error in light of *Booker*. *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir. 2005) ("It is clear after *Booker* that application of the Guidelines in their mandatory form constitutes error that is plain."). Salinas, however, fails to meet the third prong of plain error. At sentencing, the district court judge said, "I don't want to send

-4-

you to prison now. But the choices you have made and the choices Congress has made compel this result." The district court judge then imposed a sentence at the bottom of the Guidelines range. Based on this language, it is unclear what the district court would have done had the Guidelines been discretionary. Since the "effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Mares*, 402 F.3d at 521. Thus, Salinas has not shown plain error under *Booker*.

Salinas contends that the district court committed reversible error by imposing a special condition of supervised release prohibiting him from using "any addictive substances including tobacco." Salinas does not object to the special condition prohibiting him from drinking alcohol. We review the imposition of special conditions for abuse of discretion. *United States v. Paul*, 274 F.3d 155, 170 (5th Cir. 2001). 18 U.S.C. § 3563(b) provides examples of discretionary conditions, such as refraining from the "use of a narcotic drug or other controlled substance." 18 U.S.C. § 3563(b)(7). Discretionary special conditions must be reasonably related to (1) the nature and circumstances of the offense and Salinas' history and characteristics; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of Salinas; and (4) the need to provide Salinas with needed training, medical care, or other correctional treatment in the most effective manner. *See United States v. Ferguson*, 369 F.3d 847, 853-54 (5th Cir. 2004) (citing 18 U.S.C. § 3553(a)(1)-(2)).

Specifically, Salinas argues that the special condition of prohibiting the use of "any addictive substances including tobacco" is too vague to provide him with notice of prohibited conduct and too broad to be reasonably related to the statutory goals. We recognize that Salinas' robberies were committed as a result of his drug addiction. The record, however, does not support such a broad

-5-

prohibition of the use of "any addictive substances." Some addictive substances, such as caffeine, are not reasonably related to the statutory goals enumerated in 18 U.S.C. § 3553(a)(1)-(2). Narcotic drugs and other controlled substances, on the other hand, are strongly related to these goals. Accordingly, we find that the district court abused its discretion in prohibiting the use of "any addictive substances."

We also find that the prohibition of tobacco use is an abuse of discretion. The prohibition of the use of tobacco is not included in any of the 21 enumerated examples of discretionary conditions listed in 18 U.S.C. § 3563(b)(1)-(21). Therefore, it must fit in the catch-all provision of "satisfy[ing] such other conditions as the court may impose." 18 U.S.C. § 3563(b)(22). While in some situations the prohibition of tobacco use may be appropriate, the record here does not establish its reasonable connection to the statutory goals of 18 U.S.C. § 3553(a)(1)-(2). Even if the prohibition of tobacco were reasonably related to these goals, this special condition might involve a greater deprivation of liberty than is reasonably necessary. *Ferguson*, 369 F.3d at 853-54. Thus, tracking the language of 18 U.S.C. § 3563(b)(7), we modify Salinas' special conditions to instead require that "[t]he Defendant will not drink alcohol or use a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner."

Accordingly, we AFFIRM Salinas' sentence as MODIFIED.