United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-51116

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

FELICIA MONIQUE DUNN,

                                        Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Western District of Texas

———————————————

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Felicia Dunn appeals her sentence for possession of cocaine with intent to distribute and aiding and abetting the same. She argues that two prior shoplifting convictions used to enhance her sentence were "related" under the Sentencing Guidelines, yielding a smaller enhancement, because the underlying offenses occurred at two stores in the same mall at about the same time and resulted in contemporaneous pleas and identical concurrent sentences. We vacate and remand for resentencing.

                                I

Felicia Dunn pleaded guilty to possession of cocaine with intent to distribute, and aiding and abetting the same, pursuant to

a plea agreement. The pre-sentence report recommended offense level twenty-five after a three-level reduction for acceptance of responsibility. It then recommended eleven criminal history points, which resulted in criminal history category V. The resulting Sentencing Guidelines range was 100-125 months of imprisonment.

Dunn, in objecting to the PSR, argued that she should receive a two-level minor participant reduction. She also objected to receiving four criminal history points for two shoplifting offenses that had occurred on the same day; she argued that these offenses should be considered "related" under the Sentencing Guidelines, resulting in only two points.[1]

The facts of those two offenses are as follows: Dunn was arrested on March 17, 1994 for shoplifting from The Limited Clothing Store in Post Oak Mall in College Station. An "investigation" found that she had stolen from at least three other stores, but only The Limited and another store pressed charges. She was charged with two separate informations naming two separate complainants and two separate, but sequential, cause numbers. She was sentenced for both offenses on the same day and received the same sentence for each, running concurrently.

At sentencing in the present case, the district court granted

---

[1] She also objected that another four criminal history points should have been only two points because the underlying two shoplifting offenses were "related," but this objection was later dropped.

a two-level reduction for Dunn's minor role in the offense.  Dunn renewed her objection that her two shoplifting offenses were related and should yield only two points.  The district court overruled this objection, explaining that it was "familiar with a case where an individual committed burglaries of two adjoining buildings in a strip center . . . [which were considered] separate offenses and I don't see how this would be any different."[2]  The court sentenced Dunn to 84 months of imprisonment and four years of supervised release.  Dunn filed a timely notice of appeal, challenging only the district court's refusal to consider her two same-day shoplifting offenses "related."

II.

Section 4A1.2(a)(2) of the Sentencing Guidelines provides that "[p]rior sentences imposed in unrelated cases are to be counted separately.  Prior sentences imposed in related cases are to be treated as one sentence for purposes of [assigning criminal history points.]"  The Sentencing Guidelines commentary provides the following explanation of the term "related:"

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.[3]

---

[2] The district court did not provide a name or citation for this case, and we have not been able to determine its identity.

[3] Section 4A1.2, cmt. 3.

Dunn argues that her two shoplifting offenses are "related" under any of the three tests. Reviewing *de novo*,[4] we conclude that her offenses "occurred on the same occasion."

This court in *United States v. Moreno-Arredondo* held that, because the Sentencing Guidelines do not define "related," "occurred," or "occasion," these terms should be defined by their "common sense, conversational meanings."[5] The court noted that "[t]here is not a surfeit of jurisprudence construing the 'same occasion' prong of the test for relatedness, but most opinions on the subject emphasize the temporal aspect and rely only to a lesser degree on the geographical or spatial aspect."[6] "Only the extent of temporal separation between commissions can be controlling for purposes of the same-occurrence prong, and even then such separation must be viewed in light of other factors such as spatial separation, identity or non-identity of offenses, and the like."[7] As a result, it held that "sequential commissions of offenses affecting different victims can comprise a single occurrence."[8] The court concluded that Moreno-Arredondo's two prior offenses had occurred on the "same occasion:" the offenses were the same, they

---

[4] *United States v. Moreno-Arredondo*, 255 F.3d 198, 205 (5th Cir. 2001).

[5] *Id.* at 204.

[6] *Id.* at 205.

[7] *Id.*

[8] *Id.* at 207.

4

occurred in the same location (the couch in the house where the defendant lived), and they occurred within minutes of each other and without interruption.[9]

In a later unpublished opinion, *United States v. Becerra*, this court cited *Moreno-Arredondo* but concluded that the defendant's offenses did not occur on the "same occasion."[10] Becerra burglarized two different vehicles, which were parked about one block apart on the same street, on the same evening. When the police arrested him several weeks later, they found on him an item identified as stolen from one of the vehicles. After releasing him, the police arrested him again after determining that another item in his possession at the time of his initial arrest had been stolen from the second vehicle. The court determined that, although the offenses had occurred on the same day, they were two separate acts of theft involving two different victims and two different arrests. The court also noted that, although both offenses had occurred on the same street, they occurred in different locations on that street. It concluded that these facts rendered Becerra's case distinguishable from *Moreno-Arredondo* and *United States v. Johnson*,[11] where this court held that it was "evident" that the offenses of DWI, driving with a suspended

---

[9] *Id.*

[10] No. 00-51022 (5th Cir. Aug. 23, 2001) (unpublished opinion).

[11] 961 F.3d 1188, 1188 (5th Cir. 1992).

5

license, and failure to identify oneself to a police officer occurred on the same occasion when the defendant presumably was arrested while doing all three. And it held that Becerra's case was similar to *United States v. Cain*,[12] where this court held that the offenses of escape from prison, stealing a car, breaking and entering, and attempting to steal another car committed over the course of a five-day prison break did not occur on the same occasion.

We think that this case is more similar to *Moreno-Arredondo* than *Becerra*. As in *Moreno-Arredondo*, the offenses were the same and occurred on the same day, apparently minutes apart – temporal proximity being the key factor.[13] Although there were two separate acts and two separate victims, Dunn was not arrested twice, unlike the defendant in *Becerra*. And a mall is more easily considered a single location than the wide-open street in *Becerra*. Only if Dunn had stolen from the same store could one see her offenses as having occurred more clearly on the "same occasion;" that distinction is insufficient here to make a difference.

For the foregoing reasons, we VACATE Dunn's sentence and REMAND the case for resentencing.

---

[12] 10 F.3d 261, 263 (5th Cir. 1993); *see also United States v. Garcia*, 962 F.2d 479, 481 (5th Cir. 1992), *abrogated on other grounds, Buford v. United States*, 532 U.S. 59 (2001) (holding, in a case where the defendant committed two heroin deliveries in the same place but nine days apart, that although the facts surrounding the cases may be similar, similar crimes are not related crimes).

[13] *Moreno-Arredondo*, 255 F.3d at 205.