United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 04-20631
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE SEGURA-LARA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(4:04-CR-45-1)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Guadalupe Segura-Lara pleaded guilty to illegal reentry after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Segura-Lara to thirty months imprisonment and three years of supervised release. At the sentencing hearing, the district court orally pronounced that if Segura-Lara was deported, the release would be without supervision and that if he was not deported, the conditions would be "no weapons, no addictive or stimulative or depressive drugs without a prescription from a non-relative physician." In its written

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

judgment, the district court set forth somewhat different conditions. The court stated that, in addition to the prohibition against firearm possession, Segura-Lara "shall not use drugs, alcohol or tobacco products without a prescription from a non-relative physician."

On appeal, Segura-Lara claims that the special conditions of supervised release prohibiting him from using drugs or tobacco products without a prescription from a non-relative physician, as stated in the written judgment, are vague and overbroad and must be striken.[1] Segura-Lara argues that the conditions are too vague to provide him with notice of what conduct he must avoid. Specifically, he says that scientists disagree about whether a particular drug is addictive, stimulative or depressive, and that the rubric of "drugs" or "tobacco products" includes a host of legal substances, like caffeine, cigarettes, and over-the-counter medications that do not have to be prescribed by a licensed physician. Segura-Lara further points out that the prohibition against using tobacco products is not reasonably related to any statutory goal and involves a greater deprivation of liberty than necessary. Segura-Lara did not raise this issue below and concedes that this court's review is for plain error.[2] *See United States v. Miller*, 406 F.3d 323, 327 (5th Cir. 2005).

---

[1]Segura-Lara does not challenge the alcohol-related condition; he has a prior DWI conviction.

Segura-Lara raises two other issues on appeal. He challenges the constitutionality of § 1326 but concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); he raises the issue in order to preserve it for further review. He also claims his sentence should be vacated since he was sentenced under a mandatory guidelines system, found unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). Segura-Lara properly objected in the district court. However, the district court proclaimed more than once at sentencing that it would impose the same sentence even if there were no guidelines system. As a result, the error was harmless beyond a reasonable doubt. *See United States v. Saldana*, 427 F.3d 298, 314–15 (5th Cir. 2005).

[2]This standard requires that we find (1) an error (2) that is plain and (3) affects a substantial right. *Miller*, 406 F.3d at 327. Even if this court finds plain error, this court will not exercise discretion to correct the forfeited error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 328.

2

The "district court has wide discretion in imposing conditions of supervised release." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). At the same time, the court's discretion is limited by 18 U.S.C. § 3583(d). *Id.* Special conditions of supervised release must be "reasonably related" to "(1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) the need 'to afford adequate deterrence to criminal conduct,' (3) the need 'to protect the public from further crimes of the defendant,' and (4) the need 'to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner.'" *Id.* at 165 (quoting 18 U.S.C. § 3553(a)(1)–(2) (alteration in original). *See also* U.S.S.G. § 5D1.3(b). Further, the conditions may involve no greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals. *Paul*, 274 F.3d at 165. *See also* U.S.S.G. § 5D1.3(b).

We agree with Segura-Lara that the district court plainly erred in precluding his use of tobacco products. In *United States v. Ferguson*, 369 F.3d 847, 853 (5th Cir. 2004), the court found that a prohibition against the defendant's use of tobacco products was not reasonably related to his violation of firearm possession. The *Ferguson* court further found that, because there was no evidence that tobacco use caused violent or illegal behavior in the defendant, the restriction was not reasonably necessary to advance the statutory goals of deterrence, public safety, or medical care. *Id.* As a result, the *Ferguson* court concluded that the district court abused its discretion and vacated that condition of his sentence. *Id.* at 854. Here, we similarly find that the prohibition against tobacco use is not reasonably related to Segura-Lara's crime of illegal reentry. Moreover, there is no evidence that tobacco use will prompt illegal behavior in Segura-Lara and, therefore, the prohibition against its use involves a greater deprivation of liberty than is necessary to achieve deterrence and public safety.

3

The *Ferguson* court reviewed the defendant's condition of supervised release under the abuse of discretion standard because the defendant had properly objected to the condition in the district court. *Ferguson*, 369 F.3d at 852. We are reviewing Segura-Lara's condition under a plain error standard of review, and follow other panels of this court that have found a condition prohibiting the use of tobacco products, where not reasonably related to the defendant's offense, does not survive the plain error standard of review. *See United States v. Garcia-Flores*, 136 F. App'x 685, 689 (5th Cir. 2005); *United States v. Baez-Leon*, 112 F. App'x 321, 321–22 (5th Cir. 2004).[3] Accordingly, the condition of supervised release prohibiting tobacco use is vacated.

Segura-Lara also contests the prohibition against the use of "addictive or stimulative or depressive drugs without a prescription from a non-relative physician." We agree that the district court plainly erred in wording the prohibition against drug use so broadly.[4] The district court did not limit the drug use prohibition to illegal or controlled substances, nor to specific addictive over-the-counter medication, and the condition, as it currently stands, includes over-the-counter medication that is potentially stimulative or depressive but is not necessarily reasonably related to Segura-Lara's

_____

[3]This court notes that District Judge Lynn Hughes, the sentencing judge in the instant appeal, was the sentencing judge in *Ferguson, Garcia-Flores*, *Baez-Leon*, and *United States v. Salinas*, 142 F. App'x 830 (5th Cir. 2005), all four cases in which a condition prohibiting tobacco use was found to be either an abuse of discretion or plain error. Additionally, both *Ferguson* and *Salinas* addressed improper drug-related conditions. Segura-Lara was sentenced on July 26, 2004, after *Ferguson* was decided.

[4]An "overbreadth" claim challenges the statutory criterion that a condition may involve no greater deprivation of liberty than is reasonably necessary. *See Paul*, 274 F.3d at 165 n.12 ("We interpret this 'overbreadth' claim to argue that the supervised release condition violates the second statutory criterion outlined above (i.e., the requirement that supervised release conditions must involve no greater deprivation of liberty than is reasonably necessary in light of the need to protect the public and prevent recidivism.).").

offense or history.[5]  Additionally, a condition that prohibits the use of over-the-counter medication without the consent of a physician involves a greater deprivation of liberty than is reasonably necessary to afford adequate deterrence of criminal conduct and protection of the public, in contravention of 18 U.S.C. § 3583.  We find support for this position in *Ferguson*, where this court found that a bar to all over-the-counter medication was not reasonably related to the defendant's offense of firearm possession, and the condition involved a greater deprivation of liberty than was reasonably necessary.[6]  369 F.3d at 853.  The *Ferguson* court did, notably, permit a condition that prohibited the defendant's use of certain specific over-the-counter medication that is potentially addictive, like cough syrups with codeine or NyQuil.  369 F.3d at 853.

The presentence report ("PSR") indicates that Segura-Lara has a conviction for cocaine distribution and, after his arrest, additional cocaine was found in his pocket.  Due to this history, a special condition prohibiting the use of illegal drugs, controlled substances, or addictive medication such as listed in *Ferguson* would be considered reasonably necessary for deterrence, public safety, or medical care, *see* 18 U.S.C. § 3532(b)(7) (listing examples of an appropriate special conditions, including a prohibition against "any use of a narcotic drug or other controlled substance, as defined

---

[5]Segura-Lara also argues that the district court's condition against stimulative drugs sweeps in such substances as caffeine.  However, this court has held that conditions of probation are to be read in a "commonsense way."  *Paul*, 274 F.3d at 167.  As a result, it is unlikely that the condition would be enforced against Segura-Lara in such a way that prohibits him from consuming caffeinated products.

[6]Relatedly, in an unpublished opinion, this court held that a prohibition against "any addictive substances" was not reasonably related to any of the enumerated statutory goals of deterrence and public safety.  *See Salinas*, 142 F. App'x at 833–34.  The court found that a specific prohibition against "narcotic" drugs and other "controlled substances" was related to those goals and modified the defendant's special conditions accordingly, tracking the language in 18 U.S.C. § 3563(b)(7).  *Id.* at 834.

in section 102 of the Controlled Substances Act."), and it would not infringe on Segura-Lara's liberty more than is reasonably necessary. Therefore, we remand for resentencing on this condition of supervised release.

In sum, we VACATE the condition of supervised release prohibiting tobacco use and REMAND for resentencing on the condition prohibiting drug use.