United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 04-20574

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFERY JEROME SALINAS,

Defendant - Appellant.

Appeals from the United States District Court
For the Southern District of Texas
USDC No. 4:04-CR-8-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:*

In our previous decision, we affirmed the sentence imposed by the district court on Jeffery

Jerome Salinas ("Salinas") after his guilty-plea conviction for two counts of bank robbery, in violation

_____

     \*      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 18 U.S.C. § 2113(a). Salinas had appealed, *inter alia*, the district court's decision to sentence him as a career offender. *See* U.S. SENTENCING GUIDELINES § 4B1.1(a) (stating that a "defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense") (hereinafter U.S.S.G.). Salinas argued that the district court erred when it treated Salinas's two prior robbery convictions as two separate offenses rather than as "related cases." U.S.S.G. § 4A1.2 cmt. (n.3). He contended that if the prior offenses had been treated as a single case then career offender status would not have applied. U.S.S.G. § 4B1.1 cmt (n.3).

Reviewing for plain error, we held that Salinas's argument must fail because he could not demonstrate that his substantial rights were affected because "in addition to the two robberies counted separately, Salinas also pleaded guilty to felony possession of a controlled substance at the age of nineteen." *United States v. Salinas*, 142 Fed. Appx. 830, 832 (5th Cir. 2005) (unpublished). We concluded that because the Guidelines mandated only two prior felony convictions before a defendant could be deemed a career offender, whether the prior robberies were treated as related offenses did not affect Salinas's sentence.

The Supreme Court reversed, holding that we had erred in treating Salinas's prior conviction for simple possession as a controlled substance offense under the Guidelines, as the Guidelines mandate that the possession be "with intent to manufacture, import, export, distribute, or dispense." *Salinas v. United States*, ___ U.S. ___, 126 S.Ct. 1675, 1675 (2006) (citing U.S.S.G. § 4B1.2(b)). On remand we thus must consider whether the district court plainly erred in treating Salinas's prior

robberies as unrelated for the purposes of its determination that he was a career offender.[1]

In 1996, Salinas robbed two women in the parking lot of an apartment complex. Absconding with five dollars, he purchased a rock of crack cocaine. Less than an hour after the first robbery, Salinas then robbed a Stop-N-Go, emptying the cash registers of $27.00. He then purchased more crack cocaine and was smoking it when he was stopped by the police. He pleaded guilty to two separate counts of robbery committed during a criminal episode. After a single plea proceeding, the court entered two separate judgments with different cause numbers, one for each of the robberies. The court sentenced Salinas to ten years imprisonment on each count, to run concurrently.

Salinas contends that, for the purposes of sentencing, his prior offenses are "related" within the meaning of § 4A1.2(a)(2) and thus cannot be treated separately for career offender purposes.[2] He makes a very narrow argument, asserting that his prior convictions were consolidated.[3] Because

---

[1] A full description of the facts and procedural history of this case can be found in our prior decision and thus here we lay out only those facts relevant to this issue. The Supreme Court did not address any of the remaining grounds of Salinas's appeal, and thus, those portions of the prior opinion stand, with the exception of the ineffective assistance of counsel claim, discussed below.

[2] The relevant commentary states:
"[P]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."
U.S.S.G. § 4A1.2 cmt. (n.3). This provision is applicable to prior convictions under § 4B1.1. U.S.S.G. 4b1.2 cmt. (n.3) ("The provisions of § 4A1.2 are applicable to the counting of convictions under § 4B1.1.").

[3] We do not address whether his robberies "occurred on the same occasion," *see United States v. Dunn*, 431 F.3d 436, 438 (5th Cir. 2005) (holding that two robberies that occurred close both temporally and geographically were related for the purposes of sentencing), or were "part of a single common scheme or plan," *see United States v. Robinson*, 187 F.3d 516, 520 (5th Cir. 1999) (stating that "the term 'common scheme or plan' must mean something more than repeated convictions for the same criminal offense"). "[A]ny issues not raised or argued in the appellant's brief are considered waived and will not be entertained on appeal." *United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1099 (5th Cir. 1991).

the Texas court did not enter any formal consolidation order, Salinas contends that the offenses were "functionally consolidated." *See Buford v. United States*, 532 U.S. 59, 62 (2001). Salinas argues that state law controls the determination of whether offenses are consolidated for the purposes of the federal Sentencing Guidelines. In other words, he argues that if a case is functionally consolidated under the state law, then it is consolidated for the purposes of federal sentencing law. He argues that under Texas law, his offenses were functionally consolidated because they (1) arose from the same "criminal episode" and were (2) "presented in a single trial or plea proceeding." *See LaPorte v. Texas*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) (articulating the test that determines whether two cases are functionally consolidated for the purposes of Texas state sentencing).[4]

We review *de novo* the district court's determination of "relatedness" under § 4A1.2. *United States v. Huskey*, 137 F.3d 283, 285 (5th Cir. 1998). We apply, however, a deferential standard of review to the district court's determination of whether an offender's prior convictions were consolidated.[5] *Buford*, 532 U.S. at 64; *see also United States v. Moreno-Arredondo*, 255 F.3d 198,

_____

[4]    Under Texas law, once charges are consolidated, the sentencing judge may not impose cumulative sentences for the related charges, only concurrent sentences. Tex. Penal Code Ann. § 3.03 (Vernon 1994).

[5]    The district court did not articulate its reasons for treating the cases as unrelated, as the Presentence Report ("PSR") listed them as separate prior convictions and Salinas did not object to the PSR or to the district court's decision to sentence him as a career offender. The district court and Salinas did briefly discuss the presence of two prior offenses on his record.

> The Court: And then you had a criminal episode of robbery back in '96?
> The Defendant: Yes, sir.
> The Court: And you were paroled from some episode in Harris County.
> The Defendant: It was the same, from '96, yes, sir. I did five years at TDC.
> The Court: You recovered at least two counts, Brazoria and Harris in that episode.
>
> The Defendant: I believe it's just Brazoria County, sir. I don't have anything in Harris County except for the bank robberies.

203 n.10 (5th Cir. 2001) (noting that we review *de novo* the district court's analysis of relatedness under the Guidelines except for the narrow question of functional consolidation). In this case, Salinas did not object below and thus, we review for plain error. *United States v. Hayes*, 342 F.3d 385, 388 (5th Cir. 2003). Salinas must therefore demonstrate that (1) there was error, (2) the error was both clear and obvious, and (3) the error affected his substantial rights. *Id.*

In this court, "[e]ither a formal order of consolidation or the listing of the two offenses in the same docket number is sufficient to find that two separate offenses were consolidated." *United States v. Kates*, 174 F.3d 580, 584 (5th Cir. 1999) (citing *United States v. Huskey*, 137 F.3d 283, 288 (5th Cir. 1998). However, offenses are not considered consolidated "simply because two convictions have concurrent sentences," *Kates*, 174 F.3d at 584, or because sentences for both convictions are handed down on the same day, *United States v. Velazquez-Overa*, 100 F.3d 418, 423 (5th Cir. 1996). In addition, "the simultaneous disposition of two separate cases does not amount to consolidation for guidelines purposes." *Kates*, 174 F.3d at 584.

We have never held that state law tests for functional consolidation are determinative for the purposes of federal sentencing. To accept Salinas's argument as to the applicability of state law tests would require this panel to extend our precedent. As such, we cannot say that the district court committed plain error. *United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998).[6]

---

The Court: Just paroled to Harris County. I'm sorry. I misread it.

The district court admonished Salinas as to his decision to rob banks and noted that he was "ranked as a career offender, and I don't know what the next step is above that, but it's not good." The district court then immediately inquired if Salinas had any questions, and he stated that he had none.

[6]     Salinas also argued that his trial counsel was ineffective for failing to object to the district court's treatment of his prior robbery offenses as unrelated for sentencing purposes. In our

For the foregoing reasons, we AFFIRM the decision of the district court.

---

original decision we noted that ordinarily arguments as to ineffective assistance are not heard on direct appeal because the record is not fully developed. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). We ultimately ruled on the merits of his claim, however, holding that because of our determination that Salinas had a prior felony conviction for drug possession his counsel's failure to object during sentencing could not have prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In light of the Supreme Court's reversal, Salinas's career offender status does rest wholly on his two prior robbery convictions and thus the logic underlying our prior decision on the ineffective assistance issue is accordingly undermined. We therefore vacate that portion of our prior opinion ruling on his claim of ineffective assistance of counsel.

Unlike our prior opinion, which was premised on our understanding that no matter the objection made during sentencing Salinas could not have succeeded in his argument that he should not be sentenced as a career offender, our decision today is based on our rejection of Salinas's extremely narrow arguments as to the relatedness of his claims. As such, we decline to rule on his ineffective assistance claim, and follow our general rule that "such claims cannot be resolved on direct appeal unless adequately raised in the district court." *United States v. Wallace*, 32 F.3d 921, 930 (5th Cir. 1994).