[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

—————————————

No. 96-9408

—————————————

D. C. Docket No. 1:95-CR-444-1

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/18/03
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE DOMINGO BENDEK, ANTHONY WILLIAM CARRERAS,

Defendants-Appellants.

—————————————

Appeals from the United States District Court
for the Northern District of Georgia

—————————————

**(July 23, 1998)**

Before CARNES and HULL, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Jorge Domingo Bendek and Anthony William Carreras appeal the final judgments entered against them in this criminal action by the United States District Court for the Northern District of Georgia. From approximately 1989 until 1994, Bendek and Carreras were part of a cocaine distribution conspiracy which operated primarily in Miami and Atlanta. In October 1995, they were

indicted by a grand jury[1] in the Northern District of Georgia for conspiracy to possess with intent to distribute cocaine and the possession of cocaine. They were convicted on the conspiracy count but acquitted of the possession charge. Bendek was sentenced to 180 months in prison while Carreras received a sentence of 168 months. This appeal followed. While the appellants raise a number of issues, only one warrants discussion.[2]

## I. FACTS

On Thursday, May 16, 1996, the fourth day of the trial, the court learned that one of the jurors had an airline reservation for a trip out of town on Saturday and was not scheduled to return until the following Tuesday. Since it was not clear that the jury would have returned a verdict by the end of the day Friday, the court suggested a solution which would accommodate the juror's trip:

> I have one possible solution. And I certainly haven't researched it, but my practical solution would be to let all 13 jurors retire if it goes to the jury around noon tomorrow, let all 13 jurors retire and commence deliberations. If they reach a 13-member jury verdict on Friday, there is no problem. If they don't, come back on Monday with 12 and let him go, as a practical solution.
> I don't know that there is any legal prohibition against that, but even if there is, if everybody agrees to it I don't guess there is any problem.

(R.7 at 723). Later in the day, the attorneys indicated to the judge that this procedure was acceptable to them.

After the court had excused the jury for the night, the judge again raised the matter with the attorneys and the defendants. The following exchange then took place between the court, Bendek, Bendek's attorney, Mr. Bruce Morris, Carreras and Carreras' attorney, Mr. Ronald Gainor:

---

[1] A third individual, Sam Henry Graham, Jr., was also indicted and tried, but he was acquitted on all counts.

[2] Both defendants assign error on the district court's refusal to permit defense counsel to use a writing to refresh a witness' recollection, permitting a government witness to testify about an unrelated theft of bread by Bendek and allowing the prosecutor to comment on the defendants' failure to call two witnesses. Bendek also contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt, and Carreras argues that the district court erred in computing the amount of cocaine attributable to him. After a review of the record and applicable law pertaining thereto, we find no merit to these contentions and affirm the district court's judgment thereon without further comment.

Judge: As I indicated earlier, in regard to juror Killeen[3], it's my understanding that we have agreed that when the case is submitted to the jury, that the case will be submitted to all 13 jurors and a legal verdict will be a verdict by all 13 jurors. If the jury is able, if all 13 jurors are able to agree on a verdict tomorrow, there will be no problems, or at least insofar as the number. If they are not, Mr. Killeen will be excused at whatever time we recess on Friday, and on Monday we'll resume with only 12 jurors and that will be – all the parties and the defendant agree that a legal verdict may be rendered by those 12 jurors.

Mr. Morris, is that agreeable to you?

Mr. Morris: Yes, it is, your honor.

Judge: Have you discussed it with your client? Mr Morris.

Mr. Morris: Yes, your honor.

Judge: Mr. Bendek, you have heard what I've just said. Do you understand what I just said?

Mr. Bendek: Yes, your honor.

Judge: Is that agreeable to you?

Mr. Bendek: Yes, your honor.

Judge: Mr. Gainor, is what – the procedure I've just outlined agreeable to you?

Mr. Gainor: Yes, sir, it is.

Judge: Have you discussed it with your client?

Mr. Gainor: Yes, I have.

Judge: Mr. Carreras, you heard what I've just said?

Mr. Carreras: Yes, sir.

Judge: Do you understand what I've just said?

Mr. Carreras: Yes, sir.

Judge: And that is agreeable to you?

Mr. Carreras: Yes, sir.

(R.7 at 816-18). The following day, the attorney for the government expressed some misgivings about the arrangement. The district court replied, "I'll do it the way the defendants want to do it." (R.8 at 830). He then asked defense counsel if they had changed their minds about the arrangement. All three defense attorneys stated that they agreed with the thirteen-juror procedure. The case went to the jury around noon on Friday, and the thirteen-member jury returned a verdict around 5:00 P.M. that day.

## II. DISCUSSION

The defendants contend that it was plain error for the district court to permit thirteen people to participate in the jury's deliberations and verdict. They argue that they have a non-waivable right

---

[3]The juror's name is spelled both Killean and Killeen in the trial transcript.

3

to a twelve-person jury. Even assuming that a defendant could consent to such a deviation, they maintain that there could be no valid waiver in this case because the district judge suggested and lobbied for the procedure.

The government takes the position that the defendants waived their right to a twelve-person jury. In its view, the defendants' agreeing to the procedure constituted a tactical decision intended to increase their chances for an acquittal. Finally, the government claims that the defendants cannot demonstrate that the thirteen-person jury constituted plain error which affected their substantial rights.

Fed.R.Crim.P. 24(c) provides that alternate jurors should be dismissed once the regular panel retires to begin its deliberations. The Supreme Court of the United States has held that the mere presence of an alternate in the jury room is not inherently prejudicial to the defendant. United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 1780-81, 123 L.Ed.2d 508 (1993). According to the Court, the ultimate inquiry is whether the intrusion affected the jury's deliberations and consequently its verdict. Id. at 739, 113 S.Ct. at 1780. The Court reasoned that the presence of alternate jurors during jury deliberations might prejudice a defendant in one of two ways: either because the alternates actually participated in the deliberations or because the alternates' presence exerted a "chilling" effect on the regular jurors. Applying a Fed.R.Crim.P. 52(b) plain error analysis, the Court concluded that the court of appeals had no authority to correct the error because it did not affect the defendants' substantial rights.

This court has recently reaffirmed the holding of the former Fifth Circuit Court of Appeals in United States v. Allison, 481 F.2d 468 (5th Cir. 1973),[4] rejecting a per see rule for violations of Rule 24(c). According to the court, a mistrial is warranted only if there is a reasonable possibility that the district court's violation of Rule 24(c) actually prejudiced the defendant by tainting the

---

[4]Decisions of the former Fifth Circuit are binding on this court. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

4

jury's final verdict. United States v. Acevedo, 141 F.3d 1421, 1424 (11th Cir. 1998). In that case, the district court had initially permitted the two alternate jurors to retire and participate in the deliberations with the "regular" jurors. On realizing the error, the district court removed the alternates and instructed the twelve regular jurors to deliberate again. This court held that the Rule 24(c) error was harmless and affirmed Acevedo's convictions.

In this case, since the defendants did not object to the deviation in jury size but rather embraced it affirmatively, they can prevail only by establishing that the use of a jury composed of thirteen persons constituted plain error. It does not appear that they can make such a showing. Under Rule 52(b), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule permits an appellate court to correct a forfeited-but-reversible error. There are several limitations placed on appellate authority under such circumstances. There must be error; the error must be plain; and the plain error must affect substantial rights. Olano, 507 U.S. at 732-34, 113 S.Ct. at 1777-78. There is a further limitation, however. A court of appeals may correct a plain, forfeited error affecting substantial rights only "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736, 113 S.Ct. at 1779 (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)). Accordingly, a plain error affecting substantial rights does not, without more, satisfy this standard. Id. at 737, 113 S.Ct. at 1779.

Assuming, without deciding, that the district court's permission for thirteen jurors to deliberate and return a verdict in this case constitutes plain error which affected the defendants' substantial rights, they fail still to state a claim for relief pursuant to Rule 52(b) because they can not show that the jury size affected the fairness, integrity or public reputation of the proceeding. The procedure followed by the district court in this case, while perhaps unorthodox, was advanced with the best of intentions and assented to by the defendants and their attorneys in open court. No

reasonable person could believe that the fairness or integrity of the proceeding had been compromised by the district court's action.

The judgment of the district court is AFFIRMED.