[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK

No. 96-9210

D. C. Docket No. 96-00004-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE MICHAEL BREWER, a.k.a.
Michael Brewer, etc.,
BENJAMIN BREWER, et al.,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Georgia

**(January 7, 2000)**

Before DUBINA, Circuit Judge, KRAVITCH, Senior Circuit Judge, and
NESBITT*, Senior District Judge.

_____

*Honorable Lenore C. Nesbitt, Senior U.S. District Judge for the Southern District
of Florida, sitting by designation.

DUBINA, Circuit Judge:

Ten defendants in a drug conspiracy case appeal their convictions and sentences imposed by the United States District Court for the Southern District of Georgia. We affirm in part, and vacate in part.

## I. <u>STATEMENT OF THE CASE</u>

A. <u>Procedural History</u>

A jury convicted all of the defendants, with the exception of Larry Johnson, of conspiring to possess with the intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count 1). The jury convicted Leroy Bethel on two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 21 and 22), and on one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). The jury convicted Benjamin Brewer, Lenard Jenkins, and Cornelius Jones of use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 11). The jury convicted Kyle Michael Brewer on two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 5 and 6), on one count of employment of a minor to distribute cocaine base, in violation of 21 U.S.C. § 861(a) (Count 8), and on one count of use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 9). The district

court entered a judgment of acquittal on another cocaine distribution count against Kyle Michael Brewer (Count 7).

The jury also convicted Sylvester Greene on three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 12, 13, and 14). The jury convicted Willie Outler on one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 17); the district court entered a judgment of acquittal on another count charging him with possessing a firearm as a convicted felon. (Count 18). The jury convicted Leroy Singleton on one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 15). The jury convicted Donnell Summersett on two counts of distribution of cocaine base (Counts 2 and 3), and on one count of possession of cocaine base with the intent to distribute it (Count 4), all in violation of 21 U.S.C. § 841(a)(1); the district court entered a judgment of acquittal on another count charging him with use of a firearm during and in relation to a drug trafficking crime (Count 9). The jury also convicted Larry Johnson on one count of possession of cocaine base with the intent to distribute it (Count 26), and on one count of distribution of cocaine base (Count 27), both in violation of 21 U.S.C. § 841(a)(1); the district court entered a judgment of acquittal on the conspiracy count.

The district court sentenced all of the defendants to substantial terms of imprisonment in the federal penitentiary and they are all presently incarcerated pending this appeal.

B. Facts

The record in this case demonstrates that in early 1992, Donnell Summersett and Kyle Michael Brewer were the leaders of a conspiracy that distributed cocaine and cocaine base in Toombs County, Georgia. Both defendants, along with Benjamin Brewer, Lenard Jenkins, and Cornelius Jones provided cocaine to individuals for distribution. Kyle Michael Brewer owned a car wash, which was the location for several undercover purchases of cocaine. On two occasions, several of the defendants were involved in an exchange of gunfire due to a problem with a cocaine purchase. In sum, the evidence was overwhelming that these defendants were involved in an extensive cocaine conspiracy.

## II. ISSUES

1. Whether the defendants' convictions are supported by sufficient evidence.

2. Whether the district court's procedure for designating alternate jurors was error and requires reversal of the defendants' convictions.

3.  Whether the district court abused its discretion in denying the defendants' severance motions.

4.  Whether the district court properly sentenced the defendants.

5.  Whether the district court abused its discretion in admitting out-of-court statements under the coconspirator exception to the hearsay rule.

6.  Whether there was a prejudicial variance between allegations of the indictment and the government's proof at trial.

7.  Whether plea agreements in which the government offers leniency in exchange for a cooperating witness's testimony violates 18 U.S.C. § 201(c)(2).

8.  Whether distribution of cocaine base (21 U.S.C. § 841(a)(1)) is a lesser included offense of employment of a minor to distribute cocaine base (21 U.S.C. § 861(a)).

### III.  ANALYSIS

After reviewing the record in this case, we conclude that there is no merit to any of the defendants' arguments concerning issues numbered 1, 3, 4, 5, 6, and 7. Accordingly, we summarily affirm the defendants' convictions and sentences relative to those issues without further discussion.[1]  We do feel compelled, however, to address briefly issues numbered 2 and 8.

---

[1]     See 11th Cir. R. 36-1.

A.  Random Procedure to Designate Alternate Jurors

Defendants Kyle Michael Brewer and Donnell Summersett contend that the district court's procedure for designating alternate jurors requires reversal of their convictions.  We evaluate this claim under the *de novo* standard of review.  *See United States v. Register*, 182 F.3d 820, 841 (11th Cir. 1999).

The parties initially selected 14 jurors to hear the evidence in this case, but the district court did not designate which two would serve as alternates.  Just before the jurors retired to deliberate, the district court announced that it was "going to have the clerk raffle two of you out."  (R15-1066).  The district court then designated two of the jurors, Bonnie Fair and Leslie Morris, as alternates.  Defense counsel objected to this procedure, stating that two other jurors, "Ms. Busby and Mr. Lewis, being the last two in order, should have been the two that were designated alternates."  (R15-1066).  As the defendants correctly point out, the district court's unusual procedure is clearly inconsistent with Fed.R.Crim.P. 24(c), which provides in pertinent part as follows:

> (c) **Alternate Jurors.**  The court may direct that not more than 6 jurors in addition to the regular jury be called and impanelled to sit as alternate jurors.  Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. * * * An alternate

6

> juror who does not replace a regular juror shall be
> discharged after the jury retires to consider its verdict.

Fed.R.Crim.P. 24(c). (Emphasis added).

The defendants claim that the district court violated the rule by using a random draw to discharge the alternate jurors, rather than simply discharging the last two jurors selected, and that the violation constitutes reversible error. In our view, the district court, through the use of a random draw, committed error by violating the explicit command of Fed.R.Crim.P. 24(c). The question then becomes whether the district court's error is reversible error or merely harmless error.

In this circuit we have explicitly rejected a rule of per se reversal for Rule 24(c) violations. *See United States v. Acevedo*, 141 F.3d 1421, 1423 (11th Cir. 1998), *cert. denied*, 119 S.Ct. 1048 (1999). Instead, reversal is required only if there is a reasonable possibility that the district court's violation of Rule 24(c) actually prejudiced the defendant by tainting the jury's final verdict. *See Register*, 182 F.3d at 842; *United States v. Bendek*, 146 F.3d 1326, 1328 (11th Cir. 1998), *cert. denied*, 119 S.Ct. 1086 (1999).

In seeking to show prejudice, Kyle Michael Brewer asserts that because one of the jurors who was designated as an alternate was black, the district court's method diluted black representation on the jury. That unsupported assertion,

7

without any reference to the racial makeup of the jury panel that convicted the defendants, falls far short of the required showing of a reasonable possibility that the district court's violation of Rule 24(c) actually prejudiced the defendants by affecting the jury's final verdict. *See Acevedo*, 141 F.3d at 1424 (emphasis added).

Other courts of appeals that have considered a similar Rule 24(c) violation have concluded that the error may be harmless. *See United States v. Love*, 134 F.3d 595, 601- 03 (4th Cir.), *cert. denied*, 118 S.Ct. 2332 (1998); *United States v. Olano*, 62 F.3d 1180, 1190 n.3 (9th Cir. 1995); *United States v. Sivils*, 960 F.2d 587, 593-94 (6th Cir. 1992); and *United States v. Aguon*, 851 F.2d 1158, 1171 (9th Cir. 1988)(en banc), *overruled on other grounds*, *Evans v. United States*, 504 U.S. 255 (1992).

Therefore, based on our precedent and other appellate decisions, we hold that even though the district court committed error in the present case, it was harmless.[2]

B.  Double Jeopardy

---

[2] We do, however, caution the district court not to employ the random draw in future criminal cases.  The next time the district court violates the rule, the error may affect a defendant's substantial rights and mandate reversal of a criminal conviction.

Kyle Michael Brewer also contends that his conviction on Count 6 of the indictment which charged him with distributing cocaine base on November 10, 1993, in violation of 21 U.S.C. § 841(a)(1), and his conviction on Count 8, which charged him with using a minor to distribute cocaine base in connection with the same transaction, in violation of 21 U.S.C. § 861(a)(1), constituted the same offense for double jeopardy purposes.  The government confesses error on this issue in its brief and agrees that under the circumstances of this case the section 841(a)(1) violation is a lesser-included offense of the section 861(a) violation.  Therefore, we vacate Brewer's conviction and sentence on Count 6 of the indictment.  *See United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993).

In conclusion, we affirm all of the defendants' convictions and sentences, with the exception of Kyle Michael Brewer's conviction and sentence on Count 6 of the indictment which we vacate.

**AFFIRMED IN PART, VACATED IN PART.**