**UNITED STATES, Appellee,**

v.

**Hfaiedh HAMED, Defendant–Appellant.**

**No. 06–3966–cr.**

United States Court of Appeals, Second Circuit.

Jan. 7, 2008.

Brenda K. Sannes, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Miroslav Lovric, Assistant United States Attorney), Syracuse, NY, for Appellee.

James F. Greenwald, Assistant Federal Public Defender (Alexander Bunin, Federal Public Defender), Syracuse, NY, for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, Hon. CHARLES S. HAIGHT, JR., District Judge.*

* The Honorable Charles S. Haight, Jr., District Judge for the Southern District of New York, sitting by designation.

378

## SUMMARY ORDER

Defendant Hfaiedh Hamed appeals from a judgment of conviction and sentence in the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*), the defendant having been convicted of obtaining an employment authorization document card by fraud, 18 U.S.C. §§ 2, 1546(a), and marriage fraud, 8 U.S.C. § 1325(c), 18 U.S.C. § 2, and having been sentenced to 5½ months' imprisonment. On appeal, Hamed argues that the District Court violated his "right to have his trial completed by a particular tribunal" by replacing an able and qualified sitting juror with an alternate juror immediately prior to jury deliberations, apparently by mistake. As we conclude that this mistake did not violate any of Hamed's substantial rights, we affirm the judgment of the District Court. We assume the parties' familiarity with the underlying facts and procedural history in this case.

The relevant facts are not in dispute. During jury selection in this case, Juror No. 58 was the ninth venire member called to sit on the jury. However, Juror No. 58 did not sit in the ninth seat in the jury box. According to the District Court's seating chart, Juror No. 58 sat in the 13th seat— one designated for alternate jurors. When the District Court asked them whether the jury was satisfactory at that time, neither the government nor Hamed objected to the jury's seating arrangement. However, Hamed objected when the District Court excused Juror No. 58 prior to deliberations in the mistaken belief that he was an alternate juror.

Federal Rule of Criminal Procedure 24(c)(1) provides that a district court "may impanel up to 6 alternate jurors to replace any jurors who are unable to perform or who are disqualified from performing their duties." Assuming without deciding that Hamed's failure to object to the jury, as seated, during jury selection did not forfeit this objection for purposes of this appeal, in cases involving errors such as the one presented here, we review a Rule 24 violation for harmless error. *See United States v. Bruno,* 873 F.2d 555, 560–61 (2d Cir. 1989), *cert. denied,* 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 86 (1989). In *United States v. Sogomonian,* we relied upon the reasoning of our sister circuits that have concluded that a district court commits harmless error when it chooses alternate jurors by lottery prior to the commencement of deliberations, although Rule 24(c) commands a different procedure. 247 F.3d 348, 352–53 (2d Cir.2001) (concluding that such a lottery was not plain error). When such a lottery is employed, jurors who should have been designated as non-alternates based on Rule 24(c) are effectively excused from the jury even though they are neither "unable to perform" nor "disqualified" from performing their duties.

In this case, the District Court's replacement of a regular juror by an alternate juror was inadvertent, not by lottery. However, as in *Sogomonian,* Hamed here fails to make any showing that the replacement of Juror No. 58 with an alternate juror—against whom Hamed declined to exercise a peremptory challenge—affected any of his substantial rights. *See id.* at 353. Hamed has identified no evidence in the record that he suffered prejudice as a result of the District Court's decision to replace Juror No. 58 with an alternate juror. *See United States v. Purdy,* 144 F.3d 241, 247 (2d Cir.1998). Moreover, there is no evidence that this decision was the result of any impermissible motive— such as an attempt to influence jury deliberations—or, indeed, anything other than the District Court's reliance upon a clerical error. While the District Court here erred in failing to follow strictly the procedures provided in Rule 24, we conclude

that such error was harmless in this case. *Cf. United States v. Brewer*, 199 F.3d 1283, 1286–87 (11th Cir.2000) (holding that a lottery system for selecting alternate jurors immediately prior to deliberations was harmless error); *United States v. Love*, 134 F.3d 595, 601–03 (4th Cir.1998), *cert. denied*, 524 U.S. 932, 118 S.Ct. 2332, 141 L.Ed.2d 705 (1998) (concluding that a lottery system violated Rule 24 but did not necessitate a new trial because it did not affect the defendant's "substantial rights").

In sum, we have considered all arguments presented by Hamed in this appeal and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.