[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11431
Non-Argument Calendar
_____

D.C. Docket No. 6:96-cr-00004-BAE-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE MICHAEL BREWER,
a.k.a. Michael Brewer,
a.k.a. Rubber Duck,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 17, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kyle Brewer, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based

on Amendment 750 to the Sentencing Guidelines. On appeal, Mr. Brewer contends that the district court abused its discretion by denying his § 3582(c)(2) motion because he was eligible for a sentence reduction, and a number of mitigating factors supported his motion. He also argues that the district court erred by relying on the same facts to deny his § 3582(c)(2) motion that it used to determine his original sentence, and by depriving him of the opportunity to contest the facts from the presentence investigation report ("PSI') that the court relied upon in denying his motion. Having considered the parties' briefs and the record, we affirm.

## I.

In 1996, a jury found Mr. Brewer guilty of the following: (1) conspiring to possess with intent to distribute, and to distribute, cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count 1); (2) distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 5-6); (3) employing a person under the age of 18 to distribute cocaine base, in violation of 21 U.S.C. § 861(a) (Count 8); and (4) using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 9). According to the PSI, from 1992 to 1995, Mr. Brewer and an associate ran a drug operation in which they distributed crack cocaine (at least 1.925 kilograms) and powder cocaine. During this time, Mr. Brewer operated a car wash that posed as a front for much of the drug activity. In 1994, two

2

separate incidents of gun violence were linked to his drug operation. Mr. Brewer also employed a 14-year old individual to distribute the drugs for him at one point during the scheme.

Mr. Brewer's convictions on Counts One, Five, Six, and Eight were grouped together for sentencing purposes. Using the Sentencing Guidelines applicable at the time, the PSI calculated a base offense level of 38, under U.S.S.G. § 2D1.1, because his offenses involved more than 1.5 kilograms of cocaine base. The PSI then raised Mr. Brewer's offense level to 39, under § 2D1.2, for his use of an individual under 18 in a narcotics offense. The PSI also applied a four-level increase, under § 3B1.1(a), for Mr. Brewer's leadership role in the offense, as well as a two-level increase, under § 3C1.1, for obstruction of justice. This placed Mr. Brewer's total offense level at 45. Mr. Brewer had no prior criminal history. As a result, based on an adjusted offense level of 45 and a criminal history category of I, his recommended sentence under the then-mandatory Sentencing Guidelines was life imprisonment.

At sentencing, the district court adopted the PSI's factual recitation and guideline calculations. The court sentenced Mr. Brewer to life imprisonment on Count One, 20 years' imprisonment on Count Five, 40 years' imprisonment on Count Six, and 85 years' imprisonment on Count Eight, all to run concurrently. Additionally, the court imposed a statutorily mandated 60-month consecutive

sentence for Count Nine.  The district court entered a final judgment, and Mr. Brewer appealed.  On appeal, we affirmed Mr. Brewer's convictions and sentences on Counts One, Five, Eight, and Nine, but vacated Count Six on double jeopardy grounds.  *See United States v. Brewer*, 199 F.3d 1283, 1287 (11th Cir. 2000).  The district court imposed the same sentences on remand, and Mr. Brewer again received a total sentence of life imprisonment.

In 2011, Mr. Brewer filed the present *pro se* § 3582(c)(2) motion, arguing that the district court had the authority to reduce his total sentence under § 3582(c)(2) after enactment of Amendment 750 to the Sentencing Guidelines.  He asserted that the sentencing factors under 18 U.S.C. § 3553(a), as well as his post-sentencing conduct—which included completing several courses and passing the General Education Development ("GED") test—supported granting his § 3582(c)(2) motion.

In analyzing the § 3582(c)(2) motion,  the district court correctly noted that Mr. Brewer's total offense level had decreased from 45 to 41, and that his amended sentencing guideline range was now 324 to 405 months' imprisonment, plus the statutorily mandated 60 months for Count Nine.  Nonetheless, the court declined to grant Mr. Brewer's request for a sentence reduction.  He then filed a timely appeal.

**II.**

4

We review a district court's decision not to reduce a sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005).

Mr. Brewer argues that the district court erroneously relied on his offense and ignored his post-conviction rehabilitation conduct in denying his § 3582(c)(2) motion. When considering a motion for a sentence reduction, the district court undertakes in a two-step analysis: (1) the court must recalculate the sentence under the amended sentencing guidelines by determining the new base level under the amended guideline range and using that new base level to determine a new sentence; and (2) the court must consider the factors in § 3553(a) and determine, in its discretion, whether to reduce the defendant's sentence. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). During the first step, only the amended sentencing guideline is changed; all other guideline application decisions remain the same. *See id.* Under the second step, the district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and *may consider* the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the

5

extent of any such reduction." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (citing U.S.S.G. § 1B1.10, cmt. n.1(B)) (emphasis added). The district court is "not required to articulate specifically the applicability, if any, of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (quotations omitted).

Under 18 U.S.C. § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary…" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, protect the public, and provide the defendant with needed correctional treatment. Additionally, the court must consider the nature and circumstance of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide for restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

Amendment 750 to the Sentencing Guidelines revised the crack cocaine quantity tables listed in § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. As a result, the revised § 2D1.1(c) now gives Mr. Brewer a base offense level of 34 because his case involved 1.925 kilograms of cocaine base, which falls between the range of 840 grams and 2.8 kilograms in U.S.S.G. § 2D1.1(c)(3). After

applying his unaffected level increases to the amended base offense level, Mr. Brewer's total offense level decreased from 45 to 41, giving him an amended guideline range of 324 to 405 months' imprisonment, plus the additional 60 months for Count 9. Thus, Mr. Brewer was eligible for a sentence reduction. *See Bravo*, 203 F.3d at 780.

Because Mr. Brewer was eligible for a sentence reduction, the district court had to consider the § 3553(a) factors and the public's safety, and then use its discretion to determine whether his sentence should be reduced. *See Williams*, 557 F.3d at 1256. The district court relied upon the following factors to conclude that Mr. Brewer was "a dangerous individual from whom society should be protected as long as possible" and deny his § 3582(c)(2) motion: (1) Mr. Brewer's obstruction of justice by attempting to influence a witness; (2) the fact that, "for years," Mr. Brewer had carried out his drug operation out of his car wash business; (3) the substantial quantity of crack cocaine involved; (4) the gun-related violence involved in his drug operation; and (5) Mr. Brewer's use of a 14-year old to carry out the drug transactions.

Mr. Brewer argues that the district court gave undue weight to his offense conduct and erred by considering the same factors that it did at sentencing. We disagree. First, we ordinarily leave the weight to be accorded to any given sentencing factor to the "sound discretion of the district court." *See United States*

7

*v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Here, the district court stated that it considered the pertinent § 3553(a) factors, and then explained that Mr. Brewer's sentence should not be reduced given the severity of his criminal conduct. *See* D.E. 991, 991-1 (sealed). Given the gun violence associated with Mr. Brewer's drug activity and his use of a minor to carry out drug transactions, we do not find the district court's evaluation to be an abuse of discretion. Second, it was not error for the district court to consider the § 3553(a) factors when deciding Mr. Brewer's § 3582(c)(2) motion. Under the two-step *Bravo* analysis, the district court is explicitly required to consider those factors when making its decision. *See id* at 781 ("The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a).")

Mr. Brewer also argues that the district court ignored his post-conviction rehabilitation conduct in denying his § 3582(c)(2) motion. Although we have held that the court *may* consider defendant's post-sentencing conduct, we have never held that it must. *See Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, cmt. n.1(B). Thus, even if the district court chose to not consider Mr. Brewer's post-conviction conduct, it was not an abuse of discretion to do so.

Mr. Brewer finally contends that the district court erred by failing to allow him an opportunity to contest the offense conduct upon which it relied in denying his motion.  But he concedes that the district court did not rely on any new information in denying his § 3582(c)(2) motion.  Accordingly, Mr. Brewer is not entitled to re-litigate the facts relied on at his original sentencing.  *See United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) ("Because a § 3582(c)(2) proceeding is not a *de novo* re-sentencing, courts need not permit re-litigation of any information available at the original sentencing.")

### III.

The district court's denial of Mr. Brewer's motion for a sentence reduction under § 3582(c)(2) is affirmed.

**AFFIRMED.**