[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12499
Non-Argument Calendar

_____

D.C. Docket No. 6:96-cr-00004-JRH-CLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE MICHAEL BREWER,
a.k.a. Michael Brewer,
a.k.a. Rubber Duck,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 27, 2020)

Before MARTIN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kyle Brewer, a federal prisoner proceeding pro se, appeals the district court's orders (1) denying his request for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018[1] and (2) denying reconsideration of that decision.  Reversible error has been shown; we vacate the district court's orders and remand for further proceedings.

In 1996, a jury found Brewer guilty of (1) conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846 (Count 1); (2) distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 5); (3) employment of a person under the age of 18 to distribute cocaine base, in violation of 21 U.S.C. § 861(a) (Count 8); and (4) use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 9).

The Presentence Investigation Report ("PSI") calculated Brewer's base offense level as 39.  This determination was based in part on a finding that Brewer was responsible for at least 1.925 kilograms of cocaine base.  The PSI then applied two enhancements for Brewer's leadership role in the offense and for his obstruction of justice.  Based on the resulting total offense level of 45 and a

---

[1] First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

2

criminal history category of I, Brewer's advisory guidelines range was calculated as life imprisonment. Brewer's conviction under Count 9 also carried a mandatory minimum sentence of 60 months' imprisonment, to run consecutive to other sentences.

The district court sentenced Brewer to concurrent sentences of life imprisonment for Count 1, 20 years for Count 5, and 85 years for Count 8, plus a consecutive 60-month sentence for Count 9. We affirmed these convictions and sentences on direct appeal. United States v. Brewer, 199 F.3d 1283, 1287 (11th Cir. 2000) (vacating Brewer's conviction and sentence on Count 6 and affirming the remaining convictions and sentences).[2]

In November 2011, Brewer moved for a sentence reduction, pursuant to section 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. The district court determined that Brewer's guideline range was lowered from life imprisonment to 324 to 405 months, plus the 60-month consecutive sentence. Nevertheless, the district court exercised its discretion to deny a sentence reduction.

In June 2015, Brewer filed another section 3582(c)(2) motion pursuant to Amendment 782 to the Sentencing Guidelines. The district court granted Brewer's

---

[2] Brewer has since filed several post-conviction motions. We discuss only those motions that are pertinent to this appeal.

motion.  Based on a lowered total offense level of 39, the district court calculated Brewer's amended guideline range as 262 to 327 months' imprisonment.  The district court then reduced Brewer's sentence to a total of 387 months' imprisonment (327 months for Counts 1 and 8, plus 60 months consecutive for Count 9).

In February 2019, Brewer filed pro se the section 3582(c)(2) motion at issue in this appeal, seeking a reduced sentence based on section 404 of the First Step Act.  Brewer requested a reduced sentence of 210 months, which he said would reflect accurately the nature and circumstances of his offense, his history and characteristics, and his post-conviction rehabilitation.[3]

On 30 April 2019, the district court denied Brewer's motion.  The district court determined that Brewer was "not eligible for a further reduction of his sentence" because the First Step Act resulted in no change to Brewer's amended guideline range of 262 to 327 months' imprisonment.

Brewer then moved for reconsideration of the district court's 30 April 2019 order.  Brewer also requested a full resentencing hearing.  The district court denied

---

[3] Brewer also asserted (and contends on appeal) that -- because no specific drug amount was charged in his indictment or found by the jury -- he is accountable for only an "unspecified amount" of cocaine base and is thus subject to a 240-month statutory maximum sentence under 21 U.S.C. § 841(b)(1)(C).  We disagree.  We have rejected a similar argument in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020).  There, we explained that "just as a movant may not use Apprendi to collaterally attack his sentence, he cannot rely on Apprendi to redefine his offense for purposes of a First Step Act motion."  962 F.3d at 1302 (citation omitted) (discussing Apprendi v. New Jersey, 530 U.S. 466 (2000)).

relief.  The district court explained that Brewer had been sentenced under the guideline range applicable to his offense conduct involving 1.925 kilograms of cocaine base: an amount "far in excess of even the increased quantities necessary to trigger a statutory mandatory minimum sentence."  As a result, the Fair Sentencing Act would have no effect on Brewer's guidelines range.  The district court added these words:

> Because the First Step Act of 2018 does not change the current advisory guidelines applicable to Defendant, and upon a thorough consideration of the nature and circumstances of the offense, as well as the history and characteristics of this Defendant, the Court is not persuaded to reduce his sentence and therefore a hearing is not warranted.

After the district court denied Brewer relief under the First Step Act -- and while Brewer's appeal was pending -- we issued our decision in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), in which we addressed the meaning and proper application of section 404 of the First Step Act.  Our decision in Jones controls this appeal.

We review de novo whether a district court had the authority to modify a term of imprisonment under the First Step Act.  Jones, 962 F.3d at 1296.  "We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act."  Id.

District courts lack the inherent authority to modify a term of imprisonment but may do so if permitted expressly by statute.  See 18 U.S.C. § 3582(c)(1)(B).

5

The First Step Act provides such express authority.  Briefly stated, the First Step Act "permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective."  Jones, 962 F.3d at 1293 (emphasis added).

Under section 404(b) of the First Step Act, "a district court that imposed a sentence for a covered offense [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed."  Id. at 1297 (quotations and alterations omitted).  To be eligible for a reduction under section 404(b), a movant must have been sentenced for a "covered offense" as defined in section 404(a).  Id. at 1298.  We have said that a movant has committed a "covered offense" if the movant's offense triggered the higher statutory penalties for crack-cocaine offenses in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii): penalties that were later modified by the Fair Sentencing Act.[4]  See id. at 1298.

In determining whether a movant has a "covered offense" under the First Step Act, the district court "must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment."  Id. at 1300-01.  The pertinent question is whether the movant's

---

[4] Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372.

6

conduct satisfied the drug-quantity element in §§ 841(b)(1)(A)(iii) (50 grams or more of crack cocaine) or 841(b)(1)(B)(iii) (5 grams or more of crack cocaine) and subjected the movant to the statutory penalties in those subsections. Id. at 1301-02. If so -- and if the offense was committed before 3 August 2010 (the effective date of the Fair Sentencing Act) -- then the movant's offense is a "covered offense," and the district court may reduce the movant's sentence "as if" the applicable provisions of the Fair Sentencing Act "were in effect at the time the covered offense was committed." First Step Act § 404(b); Jones, 962 F.3d at 1301, 1303.

Here, the sentencing court found Brewer responsible for an amount of crack cocaine (1.925 kilograms) that exceeded 50 grams. Brewer's offense conduct thus triggered the higher statutory penalty in section 841(b)(1)(A)(iii). Because Brewer's offense was committed before 3 August 2010, his offense constitutes a "covered offense" within the meaning of the First Step Act. So, Brewer is eligible for a reduced sentence. See Jones, 962 F.3d at 1301-02.

Eligibility does not mean entitlement, however. The district courts retain "wide latitude" to determine whether and to what extent to grant a sentence reduction. Id. at 1304. In exercising that discretion, district courts may consider "all the relevant factors," including the 18 U.S.C. § 3553(a) sentencing factors. Id.

Nevertheless, "[a] district court abuses its discretion when it applies an incorrect legal standard." Id. (quotation omitted).

Where the record is ambiguous about whether the district court understood its authority to reduce a sentence under the First Step Act, we will vacate the order and remand for further proceedings. See id. at 1305. The record in this case is ambiguous about whether the court understood its authority to reduce Brewer's sentence. In its 30 April 2019 order denying Brewer's motion for a sentence reduction, the district court determined -- incorrectly -- that Brewer was "not eligible for a further reduction of his sentence." Then, in denying Brewer's motion for reconsideration, the district court stressed again that the First Step Act resulted in no lowering of Brewer's advisory guidelines range. Although the district court also said it was "not persuaded" to reduce Brewer's sentence after considering the nature and circumstances of the offense and Brewer's history and characteristics, we cannot rule out that the district court (because it -- for eligibility -- seemed to focus on Guidelines instead of statutory penalties) believed that it lacked the authority to reduce Brewer's sentence under the First Step Act.

Because we cannot tell whether the district court understood correctly the scope of its authority under section 404(b), we vacate the orders denying Brewer's

8

motion for a reduced sentence and Brewer's motion for reconsideration and remand for further proceedings.[5]

VACATED AND REMANDED.

---

[5] Contrary to Brewer's assertions on appeal, Brewer is unentitled to a resentencing hearing under the First Step Act.  See United States v. Denson, 963 F.3d 1080, 1082 (11th Cir. 2020) (concluding that "the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentenced under the Act.").